Opinion delivered June 16, 1888.

---

No. 5669.

JAMES DRUM *v.* THE CITY OF FORT WORTH.

PRACTICE—APPEAL BOND.—The appellant in this case was convicted in the recorder's court of the city of Fort Worth, and was fined five dollars and costs.   He executed his appeal bond to the county court in the sum of thirty dollars.   Afterwards a bill of costs was taxed against him, which bill and the fine amounted to seventeen and a half dollars, and included the items of twenty-five cents for issuing execution, one dollar and thirty cents for receiving and paying over the fine and costs, and one dollar and a half for the transcript, none of which items had accrued when the appeal bond was executed and approved.   The appeal was dismissed by the county court because the bond was insufficient. The contention is that, deducting the amounts not accrued when the

bond was approved, the correct fine and costs were but fourteen dollars and forty-five cents, and that the appeal bond was sufficient in amount. *Held* that the bond was sufficient, and that the appeal was erroneously dismissed.

APPEAL from the County Court of Tarrant.    Tried below before the Hon. Sam Furman, County Judge.

The case is stated in the opinion.

*B. G. Johnson,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.    The appeal from the recorder's court to the county court was dismissed because the appeal bond was insufficient in amount.    The supposed insufficiency is occasioned by two items in the bill of costs made after the execution of the bond—one being for the transcript on the appeal and the other for receiving and paying over the fine and costs.    It seems that the fine and costs had never been paid, received and paid over, and the object of the appeal was to get rid of the judgment entirely.    This item was not due and payable as part of the costs.

As to the other, the transcript had not been made out when the bond was executed, and it is but reasonable to presume that the bond would have covered that amount (one dollar and fifty cents) had the recorder put it in the estimate of the probable costs, and it is also reasonable to presume that the bond, when executed and approved, was in conformity with the estimates of that officer.    If he deemed it insufficient in amount he should not have approved it.

We are of opinion the bond was sufficient under the circumstances of the case, and that it was error to dismiss the appeal. The judgment is reversed and the cause remanded.

*Reversed and remanded.*